**LAW OFFICE OF RICCI & SPROULS**
Attorneys at Law
445 Washington Street
San Francisco, California 94111
(415) 391 2100
FAX (415) 391 4678
**FRANK P. SPROULS** State Bar #166019
Attorney for Petitioner

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

Petitioner,

**Veronica VASQUEZ**

v.

**Alberto Gonzalez**, **ATTORNEY GENERAL OF THE UNITED STATES AND**
**David Sill**,
Acting District Director, San Francisco Office, **U.S. BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES**

Respondents

Petition for **WRIT OF MANDAMUS**

## JURISDICTION AND VENUE

1. Petitioner hereby brings this civil action to petition the court for an extraordinary relief in the nature of a writ of mandamus, directed to Defendant, Alberto E. Gonzalez, Attorney General of the United States and his employees and agents in the Bureau of Citizenship and Immigration Services; specifically the District Director of the San Francisco Office of the Bureau of Citizenship and Immigration Services, David N. Still.

2. This action is brought to redress the deprivation of rights, privileges and immunities secured to Plaintiff through statute, by which authority jurisdiction is conferred, to compel Respondents to perform a duty Respondents owe to Petitioner.

3. This action is brought to compel the Respondents to complete the FBI clearance check that has been pending since September 27, 2006, in order to render a decision on her Adjustment of Status Application, Form I-485.

In support of this petition, Petitioner alleges the following:

## THE PARTIES

4. Plaintiff, (hereafter the "petitioner"), is a citizen and national of Mexico.

5. Defendant, Alberto E. Gonzalez, is the Attorney General of the United States and controls the Immigration & Naturalization Service, and is named herein solely in his official capacity.

6. Defendant David N. Sill is the acting Director of the San Francisco Office of BCIS and is named herein solely in his official capacity.

## THE FACTS

7. On September 27, 2006, Petitioner appeared before the United States Department of Homeland Security's Citizenship and Immigration Services ("Service") for an interview (**EXHIBIT A**) on her application for Adjustment of Status filed by her United States Citizen Spouse. (**EXHIBIT B**)

8. At the termination of the interview, the Petitioner was given a document indicating that a decision on the case could not be made and that further review, in the form of security clearances were necessary prior to determination of the application. (**EXHIBIT C**)

PETITION FOR WRIT OF MANDAMUS, Vasquez v. Gonzalez

2

9. Our office has made a number of attempts in contacting the Service to inquire into the status of Petitioner's security clearances from January of 2007 to March of 2007. (**EXHIBIT D, E & F**)

10. We have received two responses from the Service, both indicating that the security clearance is currently pending and upon completion, within a week, the case will be further processed. (**EXHIBIT G**)

11. The Petitioner is understandably frustrated by the time-span required for a FBI clearance check and the completion of her application for permanent residency in the United States.

12. The unreasonable delay in action has caused a great deal of anxiety and uncertainty regarding Petitioner's legal status and as such, we must reluctantly turn to this Court for relief.

## **ARGUMENT**

**A. Governing Law**

13. The relief of mandamus is only available if the petitioner demonstrates "(1) a clear right to the relief, (2) a clear duty by the defendant to do the act requested, and (3) the lack of any other adequate remedy." Allied Chemical Corp. et. al v. Daiflon, *449* U.S. 33 (1980)

    This case abundantly meets the test for mandamus relief.

### **I. CLEAR RIGHT TO RELIEF**

14. Upon the filing of an application I-489, Adjustment of Status, and subsequent to an interview, the Petitioner has a clear right to the adjudication of her application and a determination of her legal status in the United States.

15. The failure by the Service to duly act upon the Petitioner's applications, the Petitioner is foreclosed to pursue any other remedy.

## II. CLEAR DUTY TO ACT

16. An obvious necessary corollary to the grant of residency is the actual adjudication of Petitioner's adjustment of status application by the Defendants.

17. It has been one over **6 MONTHS** that the Petitioner's FBI security clearance has been pending and has delayed the adjudication of the application.

18. There are no exceptional circumstances which would necessitate additional time in running an FBI clearance check and further delaying the adjudication of the application.

## III. LACK OF ANY OTHER ADEQUATE REMEDY

19. The Defendant/Respondents are, of course, the only entity legally empowered to adjudicate the Petitioner's application.

20. At the present time, it is abundantly clear that the Petitioner has no other relief at law.

**B. Nature of Relief Sought**

21. This action seeks the Court to issue a writ of mandamus compelling the defendants to schedule the Petitioner with a decision within 30 days of this order.

## CONCLUSION

22. It is respectfully requested that this Court issue an order directed to Defendants and their counsel to answer Plaintiff's Petition to show cause why the relief prayed for in this action should not be granted.

23. Petitioner prays that a writ of mandamus be issued under the seal of this Court commanding the Defendants to make a determination as to Petitioner's security clearance and ultimately her application I-485, Adjustment of Status.

Respectfully submitted:

**Dated**: _____ **2007**

_____

**Frank P. Sprouls**