1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NY SBN 3052909
4  Assistant United States Attorney

5  　　450 Golden Gate Avenue, Box 36055
   　　San Francisco, California 94102
6  　　Telephone: (415) 436-7124
   　　FAX: (415) 436-7169
7
   Attorneys for Respondents
8

9  　　　　　　　　　　　UNITED STATES DISTRICT COURT

10 　　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

11 　　　　　　　　　　　　SAN FRANCISCO DIVISION

12 VERONICA VASQUEZ,　　　　　　　　　　)
   　　　　　　　　　　　　　　　　　　　) No. C 07-2407 MEJ
13 　　　　　　Petitioner,　　　　　　　　)
   　　　　　　　　　　　　　　　　　　　)
14 　　　　　v.　　　　　　　　　　　　　) ANSWER
   　　　　　　　　　　　　　　　　　　　)
15 ALBERTO E. GONZALEZ, Attorney General )
   of the United States; and　　　　　　　)
16 DAVID N. STILL, Acting District Director, )
   San Francisco Office, U.S. Bureau of Citizenship )
17 and Immigration Services,　　　　　　　)
   　　　　　　　　　　　　　　　　　　　)
18 　　　　　　Respondents.　　　　　　　)
   　　　　　　　　　　　　　　　　　　　)
19

20 　　　Respondents hereby submit their answer to Petitioner's Petition for Writ of Mandamus.

21 　　　　　　　　　　　　　**JURISDICTION AND VENUE**

22 　　　1. Paragraph One consists of Petitioner's characterization of this action for which no answer is

23 necessary.

24 　　　2. Paragraph Two consists of Petitioner's allegation regarding jurisdiction, to which no

25 responsive pleading is required; however, to the extent a responsive pleading is deemed necessary,

26 Respondents deny the allegations in this paragraph.

27 　　　3. Paragraph Three consists of Petitioner's characterization of this action for which no answer

28 is necessary.

ANSWER
C07-2407 MEJ　　　　　　　　　　　　　　1

## PARTIES

4. Respondents admit the allegations in Paragraph Four.

5. Respondents admit the allegations in Paragraph Five

6. Respondents admit the allegations in Paragraph Six with the exception that Rosemary Melville is the District Director.

## THE FACTS

7. Respondents admit the allegations in Paragraph Seven.

8. Respondents admit the allegations in Paragraph Eight.

9. Respondents admit the allegations in Paragraph Nine.

10. The record indicates that three responses were sent to Petitioner on Mach 26, 2007, March 16, 2007 and January 25, 2007.

11. Respondents are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Eleven.

12. Respondents are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twelve.

## ARGUMENT

13. The allegations contained in Paragraph Thirteen consist solely of Petitioner's characterizations of law for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in Paragraph Thirteen are denied.

14. Respondents admit the allegations in Paragraph Fourteen.

15. The allegations contained in Paragraph Fifteen consist solely of Petitioner's conclusions of law for which no answer is necessary.

16. Respondents admit the allegations in Paragraph Sixteen.

17. Respondents admit the allegations in Paragraph Seventeen.

18. Respondents deny the allegations in Paragraph Eighteen.

19. The allegations contained in Paragraph Nineteen consist solely of Petitioner's characterizations of law.

20. The allegations contained in Paragraph Twenty consist solely of Petitioner's

ANSWER
C07-2407 MEJ						2

characterizations of law for which no answer is necessary.

21. The allegations contained in Paragraph Twenty-One consist solely of Petitioner's characterizations of law for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in Paragraph Twenty-One are denied.

## CONCLUSION

22. Paragraph Twenty-Two consists of Petitioner's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

23. Paragraph Twenty-Three consists of Petitioner's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this Complaint and should dismiss the Complaint under Fed. R. Civ. P. 12(b)(1).

## SECOND AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Petitioner cannot establish that Respondents' duty to act is ministerial, that no other adequate remedy is available, or that Petitioner has a clear right to the relief sought. *See* 28 U.S.C. § 1361.

WHEREFORE, Respondents pray for relief as follows:

That judgment be entered for Respondents and against Petitioner, dismissing Petitioner's complaint with prejudice; that Petitioner take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: July 2, 2007                                Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


          /s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Respondents

ANSWER
C07-2407 MEJ                                            3